BOARD OF SCHOOL DIRECTORS OF FORSYTH CO. v. COMMIS-
SIONERS OF FORSYTH CO.

(November 27, 1900.)

*Taxation—Capitation Tax—Distribution—Public Schools—
Constitution, Art. V, sec. 2.*

> Not less than 75 per cent of the capitation tax must be devoted
> to school purposes.

CIVIL ACTION by the Board of School Directors of Forsyth
County, against the Board of Commissioners of Forsyth
County, heard by Judge *H. R. Starbuck,* at Chambers, in
Winston, July 31, 1900. From an order enjoining defend-
ants from expending the capitation tax, except in accordance
with the Constitution, Art. V, sec. 2, the defendants ap-
pealed.

*Jones & Patterson,* for plaintiffs.
*Glenn, Manly & Hendren,* for defendants.

FURCHES, J. While this case, as constituted by the plead-
ings, involves several important questions, they are not pre-
sented by the order of the court and defendants' appeal. It
is alleged in the complaint that the defendants, for the years
1897, 1898, and 1899, had levied a capitation tax of $2 on
each taxable poll in Forsyth County, and had failed and
refused to allot and pay over to the school fund of said
county 75 per cent of said tax so levied; that for each of
said years they had apportioned and paid to said school
fund a less amount than belonged to it—for the year 1899,
only 119-200 per cent, whereas they should have apportioned
and paid into said school fund 150-200 of said levy and col-
lection; and that there was a much larger amount now
in the hands of the defendants, and in the hands of the
sheriff for collection, and which will be collected, than will
be sufficient to pay the plaintiffs the amount due them for

the year 1899. These facts are admitted, or not denied, by the defendants, and upon this state of facts his Honor made the following order: "It is ordered and adjudged that defendant Board of Commissioners of Forsyth County be restrained and enjoined until the final hearing of this cause from expending or using, or from having anyone to expend or use, other than for the purpose of education, in the manner prescribed by law, the poll-taxes for the year 1899, that may now be in the hands of, or that may hereafter be collected by, the sheriff of Forsyth County, or anyone for him, up to an amount which, together with the sum heretofore applied to the purpose of education, shall be equal to $1.50 on each of the total number of polls then collected, and if, after reaching that amount, there shall remain uncollected other taxable polls, then the defendant is likewise enjoined from expending or having expended as aforesaid the sum of $1.50 on each poll-tax that may be collected out of the said residue." From this order, the defendants appealed. So the only question presented by the appeal is as to the correctness of this order. If the plaintiffs had also appealed, the case would have presented the other interesting question referred to above.

The question presented by this appeal seems to be too plain for discussion. It is settled by Art. V., sec. 2, of the Constitution, which reads as follows: "The proceeds of the State and county capitation tax shall be applied to the purposes of education and the support of the poor, but in no one year shall more than 25 per cent thereof be appropriated to the latter purpose." It seems to us that this is too plain to be misunderstood by anyone qualified to be a County Commissioner. And, from the argument of the case, we are led to believe that the Commissioners did understand that the Constitution required them to devote 75 per cent of the capitation tax collected in their county to the pub-

lic schools of the county of Forsyth. But it was said for them on the argument, that they were led into this error by some statute of the Legislature, making a different appropriation of this tax from that made by the Constitution. This may be the reason they had for making the distribution they did. But it can not be any justification for their making this erroneous distribution, or protection to them against its correction by the courts. It must be understood that the Constitution is the Supreme law in North Carolina, and whatever acts of the Legislature come in conflict with it must give way. The only case called to our attention as authority in this case, was *Board of Education of Bladen County v. Commissioners of Bladen,*113 N.C., 379. The only bearing that case can have on this is that it decides that the act of 1889, providing a pension of 9 cents on the $100 for the old Confederate soldiers, to be paid out of the capitation tax, was constitutional, as it did not exceed one-fourth of said tax, which was allowed to the poor, as the old Confederate soldiers were a part of the poor of the State. That question is not involved in this appeal, but it shows that the three-fourths of the capitation tax devoted to the public-school fund can not be entrenched upon, and the appropriation for the Confederate soldiers can only be sustained by treating them as a part of the indigent poor, and by taking the levy for their support out of the one-fourth of the capitation tax allowed to be appropriated to the support of the poor. There were some other parts of said opinion (113 N. C., 379) called to our attention on the argument; but any opinion we might give with regard to them would be but *dicta,* which, as a general rule, should be avoided, and especially so when it appears that the court is not in perfect harmony as to them. But, as we can see no reason why the defendants should complain of the order appealed from, the same is affirmed.